**UNITED STATES OF AMERICA**
**DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CRIMINAL NO. 2022-CR-10077-DJC-1**

**UNITED STATES OF AMERICA**

**V.**

**MARCIALITO BIOL BENITEZ**

**MOTION TO AMEND CONDITIONS OF RELEASE**

Now comes defendant Marcialito Biol Benitez and moves this Honorable Court to amend his conditions of release by removing the requirement that he wear a GPS monitoring device.

From April 11, 2022 until April 25, 2022 the defendant was released on conditions set after a detention hearing conducted in the Central District of California.  One of the conditions was that the defendant's location be monitored without electronic technology at the discretion of the supervising agency.  The Supervising Agency was (and is) United States Pretrial Services [PTS].  On April 25, 2022, when the defendant was arraigned in the District of Massachusetts, at the government's request, which the defendant did not oppose, this Court amended the conditions to include electronic monitoring as directed by PTS.

Because the defendant, during the pendency of this case, continuously has resided in and worked in Los Angeles, CA, the PTS Office which has had direct supervision of the defendant is the one in Los Angeles, CA.  Specifically, PTS Officer Jillian

Huyng is supervising the defendant and an Officer Blodget is directly involved with the location monitoring of Mr. Benitez.

Within the past week, PTS Officer Huyng has indicated that, based on the defendant's full compliance with all conditions of release, neither she nor Officer Blodget oppose the defendant's request to remove the requirement that the defendant wear an electronic monitoring device. There is a stigma associated with having to wear a GPS ankle bracelet. Additionally, the defendant must pay a monthly monitoring fee of $139.00.

The defendant contends that the remaining conditions of release are sufficient to assure the Court that the defendant will not flee. A $100,000 bond has been posted. The defendant has turned in his passport. He has remained employed and complied with a 9:00 pm to 6:00 am curfew.

The April 25, 2022 Court order states that the defendant should be subject to location monitoring technology at the Discretion of PTS. The PTS officers supervising the defendant do not oppose the defendant's request to remove the electronic monitoring condition. Accordingly for the reasons stated in this motion, the defendant respectfully requests that this motion be granted and he be allowed to have the GPS ankle bracelet removed.

The government opposes this motion. Thus, the defendant requests a hearing at the Court's discretion.

                                               **Respectfully Submitted,**
                                               **MARCIALITO BIOL BENITEZ,**

                                               **By his attorney:**

                                               /s/ Thomas Kerner
                                               _____
                                               **J. THOMAS KERNER**
                                               **MA BBO # 552373**
                                             **Attorney at Law**
                                             **240 Commercial St., Suite 5A**
                                           **Boston, MA  02109**
                                             **(617) 720-5509**

## CERTIFICATE OF SERVICE

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing [NEF] and paper copies will be sent to those indicated as non-registered participants.

**Date:**    10/24/2022                                     /s/ Thomas Kerner
                                                             _____
                                                             **J. Thomas Kerner**
                                                             **BBO# 552373**